Loring-, J.,
dissenting:
I think no question is involved here as to the title of the United States to wood growing or cut on their domain; because I think the claim is only for cutting and hauling wood, and that the parties to the transaction must have so understood it. General Hancock, in his order directing payment, expressly refers to it as a claim for il labor.” After stating that the wood cut outside of the proper reservation had come to the use of the Government and ought to be paid for, he says as follows: “ Not to see that the payment is made would be to discredit the officers of the Government or their agents who may pass along this route in future, and who may suffer in consequence of the reckless disregard of the labor of others who have passed there previously.”
Then I think that the post-commander, Captain Keogh, was the commander but of the post and its proper reservation, which was a part of the post, and that his authority was limited to *266 that, and did not extend outside of it where wood was cut, while the control of the military district and of the public domain included in it outside the reservation, and of the policy required for these, belonged to General Hancock and to him only, so that his orders are the only lawful orders shown as to wood cut outside of the reservation. And I think that his management of the district committed to his command is not to be forestalled or set aside by the action of a subaltern officer, beyond the line of his duty, and that so far as General Hancock affirmed and adopted the doings of the petitioner, he legalized them, and meant to do so, as fully as if he had originally ordered them j and this is tbe controlling fact of the case.
For these reasons I do not concur in the conclusions of law for this case found by the court, nor in the judgment rendered.